ISHEE, J.,
for the Court:
¶ 1. In 2011, Angela Janette Lee Keith and Sean Franklin Keith agreed to an irreconcilable-differences divorce. They negotiated the division of their assets and custody of their children, and signed a document reflecting their agreement. After presenting the document to the Forrest County Chancery Court at a hearing and testifying as to the veracity and consequences of the agreement, the court entered an order granting the divorce pursuant to the terms upon which the Keiths had agreed. Angela now appeals the grant of divorce, wanting to renegotiate the nature of the divorce and the terms of the agreement. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. Angela and Sean were married on March 2, 1995. They have two children, a son who was born in October 1995 and a daughter who was born in November 1999. On March 30, 2009, Sean filed for divorce on the ground of habitual cruel and inhuman treatment. Angela filed her answer and counter-complaint for divorce citing habitual cruel and inhuman treatment, as well as adultery.
¶ 3. The case was set for trial on July 29, 2010. Approximately one week before the date of trial, Angela filed a motion for contempt. Accordingly, the chancellor agreed to hear the contempt motion on the first day of the trial.
¶ 4. However, on the day of the trial, before the contempt motion could be heard or the trial could begin, the parties entered into negotiations in an effort to settle the divorce amicably. The parties reached an agreed settlement later that day regarding property division and child custody. The agreement was handwritten on a legal pad, signed by both parties, and presented to the chancellor on July 29, 2010.
¶ 5. After reviewing the agreement, the chancellor asked the parties, under oath, if they were satisfied with the agreement they had reached. Both parties answered affirmatively. The chancellor continued with a line of questioning regarding the parties’ understanding of the finality of the settlement, their satisfaction with the settlement, and the consequences of having the court enter the settlement as a final order. The parties indicated that they were both fully aware of the contents of the settlement and the effects the settlement would have once entered as a judgment. As such, the chancery court entered the handwritten settlement document as an exhibit to the hearing, and ordered that the final judgment reflect its contents.
¶ 6. The chancery court next confirmed that Angela and Sean both wanted to withdraw their fault-based divorce grounds and conclude the matter as an irreconcilable-differences divorce. The parties acknowledged that this was their intent. Angela’s attorney also specifically stated to the chancery court that Angela wished to withdraw all fault-based grounds for divorce. As such, the hearing concluded with the parties being granted an irreconcilable-differences divorce, and all property and custody issues being settled per their specifications in the handwritten agreement.
¶ 7. The day after the proceedings were finalized, Angela entered a pro se motion in the case. The document stated that she was under duress when she signed the agreed settlement, and that she objected to the entry of divorce on the ground of irreconcilable differences. She also noted that she intended to retain new counsel.
¶ 8. Meanwhile, Sean’s attorney sent Angela’s attorney the proposed-agreement paperwork reflecting the agreed settlement and entry of an irreconeilable-differ- *969 enees divorce. Sean’s attorney was then told that Angela refused to sign any documents, and would not withdraw her fault-based ground for divorce. In September 2010, Sean’s attorney filed a motion to enter the agreement regarding custody, the property settlement, and the irreconcilable-differences divorce. The motion was noticed for a hearing, which initially took place on December 10, 2010. Sean’s attorney was the only attorney present. After hearing Sean’s arguments, the chancery court entered an order dismissing all contested pleadings, granting the divorce based on irreconcilable differences, and reflecting the settlement as negotiated by the parties on July 29, 2010. The order specifically stated: “ORDERED AND ADJUDGED, this the 10th day of December, A.D., 2010 nunc pro tunc to July 29, 2010,” to reflect the agreement reached on the record the day of the original proceedings.
¶ 9. Angela retained new counsel, and filed a motion to set aside or reconsider the judgment of divorce. A hearing on the motion took place on September 8, 2011. After hearing arguments from both parties’ counsel, the chancellor found that the written agreement executed by both parties on July 29, 2010, met the criteria necessary to be a valid, binding, written agreement. The chancellor affirmed the judgment of divorce and the settlement in an order dated October 3, 2011. Therein, the chancellor also clarified certain aspects of the written agreement regarding child custody and child support. Aggrieved, Angela now appeals. She requests that this Court set aside the judgment of divorce and renegotiate the terms of the settlement.
DISCUSSION
¶ 10. It is well settled that appellate courts are bound by a limited standard of review in domestic-relations matters. See, e.g., Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994). The Mississippi Supreme Court has held that a chancellor’s findings of fact, especially in domestic-relations cases such as the instant case, “will generally not be overturned by this Court on appeal unless they are manifestly wrong.” Fancher v. Pell, 831 So.2d 1137, 1140 (¶ 15) (Miss.2002) (citing Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989)). The chancellor’s findings must have been “manifestly wrong, clearly erroneous[,] or an erroneous legal standard [must have been] applied,” for the findings to be overturned. Montgomery v. Montgomery, 759 So.2d 1238, 1240 (¶ 5) (Miss.2000).
¶ 11. The statute governing irreconcilable-differences divorce provides, in pertinent part:
(2) If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.
[[Image here]]
(5) Except as otherwise provided in subsection (3) of this section, no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the ground of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.
Miss.Code Ann. § 93-5-2(2), (5) (Supp. 2012). Additionally, we have held that “announcing in open court the settlement *970 of the dispute that is the purpose for that hearing, with a recital of the terms of the settlement into the record, followed by an agreement to end the hearing, reflects an intention to be bound at that time.” Bougard v. Bougard, 991 So.2d 646, 650 (¶ 21) (Miss.Ct.App.2008) (citation omitted).
¶ 12. Here, it is clear that on July 29, 2010, both Angela and Sean agreed to an irreconcilable-differences divorce based on their agreed-upon settlement. They each verbally indicated that they wished to withdraw their fault-based divorce grounds. The parties also submitted their written agreement regarding property division and child-related issues to the chancellor for approval on an irreconcilable-differences divorce. The following dialogue then occurred:
The Court: Mr. and Mrs. Keith, I have just a few questions of you. You each have previously filed proceedings to obtain a divorce or a statement of basis of fault grounds for divorce, and you have now negotiated through your parties, through your attorneys, with each other, and you are in agreement to file a motion to dismiss fault grounds, withdraw fault grounds, and consent for the marriage to be resolved on the basis of irreconcilable differences; is that correct?
Sean: Yes, sir.
Angela: Yes, sir.
The Court: You have negotiated property settlements; and for property[-]settlement agreement, you have executed a written agreement, your handwritten agreement, on this legal pad paper, that sets forth your property settlement agreement?
Angela: Yes, sir.
Sean: Yes, sir.
The Court: And each of you understand what you’ve agreed to with your property settlement and settled all questions of money between your—
Angela: Yes, sir.
Sean: Yes, sir.
The Court: You understand what you’ve agreed to?
Angela: Yes, sir.
Sean: Yes, sir.
The Court: So you’re telling me, and you’re under oath, that this is your agreement? And the [cjourt is authorized to enter it as a part of the court judgment when the proper written papers are presented here by your attorneys?
Sean: Yes, sir.
Angela: Yes, sir.
The Court: Alright. And you understand having done that, you can’t back out?
Angela: Yes, sir.
Sean: Yes, sir.
The Court: It’s written in stone, so to speak. You committed to it. And on the basis of this, when I’m presented with the other paper withdrawing so that I can sign the order withdrawing fault grounds and the final judgment. I will file the judgment for divorce, and it will be filed.
Angela: Yes, sir.
Sean: Yes, sir.
The Court: But you will sign by it now. You can’t back out.
Angela: Yes, sir.
The Court: Alright — on your representations, and I will approve it, and it is approved. And I will sign those documents when they’re presented to me in proper form.
Angela’s attorney at the time then informed the chancellor that Angela wished to withdraw all fault grounds, which the chancellor approved.
*971 ¶ 13. As such, Sean and Angela properly executed an irreconcilable-differences divorce. Their property-settlement agreement was executed in writing and signed by both parties, thereby meeting by the requirement of Mississippi Code Annotated section 93-5-2(2). Moreover, the chancellor questioned both parties regarding their desire to enter into an irreconcilable-differences divorce. Both parties acknowledged their desire to enter into the irreconcilable-differences divorce and to abide by the agreed-upon settlement. The chancellor thoroughly discussed the consequences of approving the settlement, including the finality of the approval. Angela acknowledged that she was entering into a binding agreement to divorce Sean pursuant to the terms of the settlement and on the basis of irreconcilable differences. She cannot now renegotiate the nature or the terms of the divorce. This issue is without merit.
¶ 14. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION.